UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

04  10392 JLT

C.A. NO.:

MAGISTRATE JUDGE

TIMOTHY MCMANUS,
    Plaintiff,

v.

QWEST COMMUNICATIONS
CORPORATION,
    Defendant.

COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1. This is an action by a former employee against his former employer. The action seeks damages for breach of contract and wrongful termination.

## PARTIES

2. Plaintiff Timothy McManus ("Plaintiff") is an individual who resides in Woburn, Middlesex County, Massachusetts.

3. Defendant Qwest Communications Corporation ("Qwest") is a foreign corporation operating within the Commonwealth of Massachusetts and having a usual place of business at 60 Spear Street, San Francisco, California..

## FACTUAL ALLEGATIONS

4. Plaintiff was employed by Qwest from on or about March 11, 2002 through on or about August 29, 2003.

5. Plaintiff was terminated by Qwest on or about August 29, 2003.

6. At the time of his termination, Plaintiff was a Senior Account Executive for Qwest.

7. At the time of his termination, Plaintiff had a sales quota of $425,600.00 per year.

8. Shortly prior to his termination, Plaintiff had secured a contract with Fresnius Medical Care ("FMC"). The value of the FMC contract was, at a minimum, $2,100,000.00 over three years.

9. The terms and conditions of Plaintiff's employment with Qwest provide that the Planitiff is entitled to the commissions on the FMC contract.

10. Qwest terminated Plaintiff's employment to deprive Plaintiff of the commissions the Plaintiff was and is owed on the FMC contract, as well as other commissions the Plaintiff was owed on other contracts he secured while employed by Qwest.

11. Qwest proffered reasons for terminating the Plaintiff were arbitrary, capricious, not in good faith, and not lawful.

12. For example, Qwest purportely terminated the Plaintiff for allegedly failing an audit covering August 2002 – December 2002. However, the Plaintiff did not fail the audit.

13. Qwest only audited Plaintiff as a result of his refusal to accept an alternative commission plan. A plan that would deprive Plaintiff of commissions that he had already earned.

14. Plaintiff purportedly failed the audit as a result of the way he "flashed" projected sales figures for certain accounts. However, as was known to Qwest, the Plaintiff did not "flash" the accounts – rather the accounts were "flashed" by Plaintiff's manager.

15. Plaintiff conducted his business in accordance with Qwest guidelines and the instructions and directions of his manager and director.

16. Qwest's adverse action against the Plaintiff with regard to the "flashed" accounts was contrary to Qwest's treatment of Plaintiff's manager with regard to conduct of Plaintiff's then manager and a colleague of Plaintiff's.

17. Subsequent to Plaintiff's termination, Qwest unilaterally, and without lawful justification or reason, informed Plaintiff that his quota was being increased from $425,600.00 in June 2003, to $550,600.00 in July 2003.

18. Plaintiff did not learn of this post-termination retroactive quota increase until he received his last commission statement from Qwest.

19. Upon learning of the post-termination retroactice quota increase, Plaintiff contacted numerous Qwest personnel purportely involved in and or responsible for the quota increase, including but not limited to Cathy Chung and Dennis Anderson.

20. Plaintiff was not provided a valid reason for the quota increase.

21. Plaintiff was never provided with any documentation or authority to support the quota increase.

22. Qwest's action in increasing the Plaintiff's quoto, post-termination, was to deprive the Plaintiff of commissions earned.

23. Rather than pay the Plaintiff for commissions owed, Qwest attempted to coerce Plaintiff into accepting $7,566.28 as full and final sales compensation owed.

24. Plaintiff is entitled to compensation for commissions in the amount of $135,509.00 for the year 2003, $30,711.60 for the year 2004, and $30,711.60 for the year 2005.

25. Plaintiff has also incurred attorneys fees and expenses in an effort to obtain commisions owed to him under his contract with Qwest.

## LEGAL CLAIMS

### COUNT I – BREACH OF CONTRACT

26. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-26 above.

27. Plaintiff and Qwest contracted with regard to Plaintiff's commission schedule.

28. Plaintiff's commission scheduled required him to be paid for commissions Qwest received from accounts secured by the Plaintiff. Commissions were due and owed to the Plaintiff regardless of whether Plaintiff maintained his employment with Qwest.

29. Qwest has breached its contract with Plaintiff by failing and or refusing to pay Plaintiff the commisions owed to the Plaintiff since his employment was terminated..

30. As a direct and foreseeable consequence thereof, Plaintiff has suffered loss damages in the amount of at least $197,932.20.

WHEREFORE, the Plaintiff seeks judgment against Qwest, in an amount to be determined at trial, as well as reasonable attorneys' fees, interest and costs.

## COUNT II – WRONGFUL TERMINATION IN VIOLATION OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

31.  Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-30 above.

32.  Qwest's termination of Plaintiff's employment was without legitimate excuse, justification, and or reason.

33.  Qwest terminated Plaintiff's employment solely to deprive the Plaintiff of commissions earned but not yet received.

34.  Qwest's termination of Plaintiff violates the implied convenant of good faith and fair dealing.

35.  As a direct and foreseeable consequence thereof, Plaintiff has suffered loss damages in the amount of at least $197,932.20.

WHEREFORE, the Plaintiff seeks judgment against Qwest, in an amount to be determined at trial, as well as reasonable attorneys' fees, interest and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

TIMOTHY MCMANUS, Plaintiff
By his attorneys,

_____
James M. Caramanica, BBO #565882
Law Offices of John C. Carleen, P.C.
Corporate Center North
1711 Broadway
Saugus, MA 01906
(781) 233-2299

Dated: January 23, 2004

4